IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-90-M |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, David Hall, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's removed state court petition [Doc. No. 1-3] (hereafter "Complaint") has been conducted pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it seeks monetary relief from a defendant who is immune from such relief. *See id.*, § 1915A(b)(2).

### I. Plaintiff's Claim for Relief / Factual Background

Plaintiff is currently incarcerated at the Oklahoma Halfway House in Oklahoma City, Oklahoma. *See* Notice of Change of Address [Doc. No. 7]. Plaintiff brings a single claim for § 1983 relief premised on a violation of his Eighth Amendment rights. Plaintiff claims the Oklahoma Department of Corrections (ODOC) failed to provide adequate medical care despite knowledge of certain medical conditions from which he suffers including a heart arrhythmia and

epilepsy. *See* Complaint at pp. 4-6.[1] As relief, Plaintiff seeks compensatory damages, punitive damages and emotional distress damages. *See id*. at p. 7.[2]

## II. Standard for Dismissal

Pursuant to 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id*. The court shall dismiss the complaint if it "seeks monetary relief from a defendant who is immune from such relief." *Id*., § 1915A(b)(2).

## III. Analysis

The sole defendant in this action is the ODOC, an agency of the State of Oklahoma and an arm of the State. The Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages. . . ." *Ellis v. Univ. of Kansas Med. Ctr*., 163 F.3d 1186, 1196 (10th Cir. 1999); *see also Eastwood v. Dep't. of Corrections of Okla*., 846 F.2d 627, 632 (10th Cir. 1988) ("[T]he [O]DOC is an arm of the state and should be entitled to absolute immunity.").

An exception to Eleventh Amendment immunity exists only if there is a waiver by the State or a valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). But Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the

---

[1] Citations to Plaintiff's Complaint refer to the Court's Electronic Case Filing (ECF) pagination.

[2] Plaintiff also makes a vague request for "the resignation of all parties involved and a letter of apology." *See* Complaint at p. 7.

2

United States Constitution."). Moreover, Congress did not override Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, it is recommended that Plaintiff's claims against ODOC be dismissed without prejudice based on the immunity guarantees afforded the State of Oklahoma by the Eleventh Amendment. *See Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1-3] be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(2) because it seeks monetary relief from the Oklahoma Department of Corrections, a defendant who is immune from such relief.[3] Based on this recommendation, it is further recommended that Defendant's Application to Stay Proceedings and Request for Order Requiring Special Report and Brief in Support [Doc. No. 6] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 11, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3] *See also United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (recognizing that a court may raise the issue of Eleventh Amendment immunity sua sponte).

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 20th day of April, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE